UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

        Plaintiff,

vs.

Case No. 07-CV-11955
HON. GEORGE CARAM STEEH

HYATT CORPORATION,
a Delaware corporation d/b/a
MANCHESTER GRAND HYATT, and
JANE DOE (Hyatt Spa Masseuse),

        Defendants.

_____/

## ORDER GRANTING DEFENDANT HYATT CORPORATION'S MOTION TO TRANSFER VENUE (#18)

Defendant Hyatt Corporation moves to dismiss or transfer venue to the Southern District of California due to improper venue. A hearing on the motion was scheduled for January 23, 2008. The parties thereafter agreed that the motion be decided on the briefs. The court finds that the facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Glenna Bryan filed a First Amended Complaint on May 16, 2007 alleging she was injured on May 9, 2006 as the result of a deep tissue massage she received while staying at Hyatt's Manchester Grand Hyatt in San Diego, California. Bryan alleges the "Jane Doe" masseuse performed the massage in the course and scope of her employment with Hyatt. Count I alleges negligence against Jane Doe. Count II alleges vicarious liability against Hyatt as the actual or ostensible employer of Doe. Bryan invokes federal diversity jurisdiction alleging she is a Michigan resident, Jane Doe is a California resident, Hyatt is

incorporated under Delaware law with its principal place of business in Illinois, and her damages exceed $75,000.00.  See 28 U.S.C. § 1332.

Hyatt moves to dismiss arguing that venue is improper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(1-3) because not all defendants reside in Michigan, a substantial part of the events or omissions giving rise to Bryan's claims did not arise within this district, and this action could have been brought in the Southern District of California where the alleged negligent acts and omissions occurred.  Hyatt asserts that, in lieu of dismissal, the court should transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1406(a) for improper venue.  In the alternative, Hyatt asks the court to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice, and for the convenience of the parties and witnesses.

Bryan responds that she has been unable to identify and serve Jane Doe, who must now be dismissed from this lawsuit under Federal Rule of Civil Procedure 4(m) because the summons has expired.  Bryan continues that, with Hyatt being the only remaining defendant, venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(1) where all defendants reside.  Bryan maintains that Hyatt is deemed to reside in Michigan for venue purposes under 28 U.S.C. § 1391(c) because Hyatt conducts continuous and systematic business in Michigan, and is therefore subject to personal jurisdiction in Michigan.  Bryan argues that venue is also proper in Michigan under § 1391(a)(2) because a substantial part of the events or activities giving rise to her claims occurred in Michigan when she received medical care and treatment in Michigan.  Bryan assets that the convenience of the parties and witnesses does not weigh in favor of transferring this matter to the Southern District of California considering inter alia that a large corporation such as Hyatt would not be inconvenienced litigating in Michigan, whereas Bryan will be significantly inconvenienced as a Michigan resident if she is required to litigate in California where her

counsel is not a member of the bar.

Hyatt replies by proffering the affidavit of the previously unidentified Jane Doe, April Nakamura, who attests that she was the masseuse who performed the May 9, 2006 massage on Bryan, that she is not a Hyatt employee, and that she has been a resident of California since May 9, 2006. Hyatt contends that Nakamura in as an indispensable party-defendant whose California residency was established at the time of the filing of the First Amended Complaint, making Michigan a venue in which not all defendants reside under § 1391(a)(1). Hyatt continues venue is also improper in the Eastern District of Michigan under § 1391(a)(2) as a judicial district where a substantial part of the events or omissions giving rise to this lawsuit occurred because the medical treatment Bryan received in Michigan did not "give rise" to her claims of negligence. Hyatt maintains in the alternative that transferring venue to California under 28 U.S.C. § 1404(a) is warranted for the convenience of the parties and witnesses considering <u>inter alia</u> the convenience of California fact witnesses (as opposed to Michigan medical treaters), the likely application of California law, and this court's limited subpoena power in compelling the attendance of California witnesses.

## **I. Proper Venue in Diversity Actions**

Whether to dismiss or transfer an action for improper venue is within a district court's discretion. <u>First of Michigan Corp. v. Bramlet</u>, 141 F.3d 260, 262 (6th Cir. 1998). 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The court agrees with Hyatt that Bryan's medical treatment in Michigan does not constitute "a substantial part of the events giving rise to the claim" that Hyatt is liable for Bryan's injuries caused by a massage she received in California. See Smith v. Fortenbery, 903 F.Supp. 1018, 1020-21 (E.D. La. 1995) (interpreting plain language of § 1391(a)(2) and reasoning that medical treatment received in Louisiana did not constitute "a substantial part of the events giving rise to the claim" of negligence relative to a Mississippi auto accident). The alleged events or omissions giving rise to Bryan's negligence and vicarious liability claims involve the massage Bryan received at Hyatt's Manchester Grand Hyatt in San Diego, California on May 9, 2006. Venue is not proper under § 1391(a)(2).

It is undisputed that this lawsuit could have been brought in the Southern District of California. Venue in this district is therefore improper under § 1391(a)(3).

In determining residency for purposes of venue under § 1391(a)(1), 28 U.S.C. § 1391(c) provides in pertinent part:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Hyatt does not dispute that it was subject to personal jurisdiction in Michigan at the time this action was commenced, but instead argues that California resident Nakamura renders venue improper in the Eastern District of Michigan under § 1391(a)(1) because not all defendants reside in this district. Plaintiff's First Amended Complaint names "Jane Doe" as a defendant and alleges she is a California resident. Unlike under the Michigan rules of civil procedure, the Jane Doe masseuse is not deemed dismissed from this federal lawsuit for Bryan's failure to accomplish service.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall

4

extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P. 4(m).

Although not yet served with process, Jane Doe, now known to be April Nakamura, remains a party-defendant to this lawsuit as she has not been dismissed pursuant to Rule 4(m). Bryan alleges, and Nakamura attests, that defendant "Jane Doe" is a resident of California. It follows that the Eastern District of Michigan is not a district in which both Hyatt and Jane Doe reside for purposes of venue under § 1391(a). Accordingly, Hyatt is entitled to a transfer of venue to the Southern District of California based on improper venue. Bramlet, 141 F.3d at 262.

## II. Transfer of Venue where Venue is Proper

In the alternative, and assuming Jane Doe was dismissed from this lawsuit under Rule 4(m), making this judicial district appropriate under § 1391(a) as a district where the remaining defendant Hyatt resides, the court also enjoys discretion to transfer venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that this action could have been brought in the Southern District of California as a judicial district in which a substantial part of the events giving rise to Bryan's claims occurred. 28 U.S.C. § 1391(a)(2).

In moving to transfer venue to the Southern District of California, Hyatt bears the burden of proving by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 936 (E.D. Mich. 2001) (quoting Rowe v. Chrysler Corp., 520 F.Supp. 15, 16 (E.D. Mich. 1981)). The court should weigh such factors as: (1) the parties' convenience; (2) witnesses' convenience; (3) relative ease of access to the proofs; (4)

availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) practical difficulties associated with trying the case quickly and inexpensively; and (7) the interests of justice. Thomas, 131 F.Supp.2d at 936. To establish these factors, "conclusionary allegations of a party will not suffice." Id. at 937.

      The parties' convenience favors Bryan as a resident of Michigan without the financial resources of Hyatt, a large corporation. Bryan's witnesses, with the exception of herself, all relate to Bryan's medical treatment and damages, and are not fact witnesses. Masseuse Nakamura is a resident of California. Other potential fact witnesses, such as the employees of the Manchester Grand Hyatt in San Diego, will be inconvenienced by traveling to Michigan. In Kepler v. ITT Sheraton Corporation, 860 F.Supp. 393 (E.D. Mich. 1994), Judge Gadola of this District granted the defendant-hotel chain's motion for a change of venue to the Middle District of Florida where the Michigan plaintiff was injured by a shock he received in a hot tub situated on the grounds of an Orlando, Florida hotel. Id. at 395. The Kepler plaintiff argued that venue favored the Eastern District of Michigan as the venue where he and his family resided, and where more than 50 treating medical personnel were located. Id. at 399. The court rejected the argument on finding that all of the fact witnesses, except the plaintiffs, were located in Florida where they were subject to process, and that Florida law was controlling. Id. at 399. Here, all of the fact witnesses with the exception of Bryan are located in California where they are subject to process, and California law is controlling. Witnesses' convenience, relative ease of access to the proofs of liability, availability of process to compel the attendance of unwilling fact witnesses, and the California District Court's familiarity with California law strongly favor a transfer to the Southern District of California. Id. at 399. Trying the case in California would also promote the interests of justice by avoiding expensive piecemeal litigation. The convenience and availability of Bryan's current counsel is of little weight. See Campbell v. Hilton Hotels

Corporation, 611 F.Supp. 155, 157 (E.D. Mich. 1985) (granting change of venue of personal injury action from the Eastern District of Michigan to the Southern District of Florida where the plaintiff was allegedly injured in an accident at a Ft. Lauderdale, Florida hotel).

Hyatt has also shown that fairness and practicality strongly favor a transfer of this action to the Southern District of California under 28 U.S.C. § 1404(a). Accordingly,

Defendant Hyatt Corporation's motion for a change of venue is hereby GRANTED. It is ORDERED that this matter is hereby TRANSFERRED to the United States District Court for the Southern District of California.

SO ORDERED.

Dated: January 24, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 24, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk